■ MONICA BROADIE, Individually and as Administratrix of the Estate of EUGENE L. BROADIE, Deceased, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents. [628 NYS2d 403] —In an action to recover damages, inter alia, for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated February 1, 1994, which, upon granting the defendants' motions for summary judgment, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On April 17, 1989, the decedent, Eugene L. Broadie, decided to change the entire exhaust system on his 1985 Oldsmobile Cutlass stationwagon. He was found crushed to death underneath his car later in the day. The plaintiff alleged, inter alia, that the jack, which came as part of the car's standard equipment, failed, causing the car to fall, crushing the decedent. The jack in question was found, fully extended, approximately 2 feet from the rear of the car. Located on the jack in yellow and in the car's owner's manual were specific warnings which indicated that the jack was only to be used for "lifting this vehicle during wheel change". Both warnings specifically stated to "never get underneath the vehicle, start or run engine while vehicle is supported by jack".

The Supreme Court granted summary judgment to the defendants finding that the plaintiff had failed to tender proof as to causation and failed to present any evidence showing any connection between the alleged defective jack and the accident. We agree.

The plaintiff failed to establish any connection between a defect in the car jack and the accident. The jack in question was designed not for the changing of an entire exhaust system but rather for the changing of tires. Moreover, contrary to the plaintiff's contention, the warning labels were sufficient to warn against the use of the jack in the manner allegedly employed by the decedent, and they specifically stated not to go underneath the car while it was jacked-up. Further, the decedent, as the evidence showed, was an experienced mechanic who always performed the repair work on his vehicles.

Therefore, he should have known of the dangers of using the jack as a means to lift the car for the purpose of changing the exhaust system (cf., Billsborrow v Dow Chem., 177 AD2d 7).

The plaintiff has failed to raise any triable questions of fact that the jack was a proximate cause of the accident or that the warning labels were inadequate and the defendants are entitled to judgment as a matter of law. O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.