JOSEPH J. PLOOF, Respondent-Appellant, v STONE CONSTRUCTION EQUIPMENT, INC., Defendant, and BAKER RENTAL SALES & FABRICATION, INC., Appellant-Respondent. [634 NYS2d 278] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff injured his hand and arm when he reached into a cement mixer while the mixer blades were rotating. He commenced this action against the manufacturer and seller of the cement mixer, asserting causes of action sounding in negligence, strict products liability and breach of warranty.

Supreme Court properly granted summary judgment dismissing the breach of warranty cause of action upon the ground that it was time-barred *(see,* UCC 2-725) and denied plaintiff's motion for leave to amend the complaint to assert a claim for punitive damages *(cf., Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 203-204). Further, the court properly denied plaintiff's motion for summary judgment on the negligence and strict products liability causes of action. Plaintiff failed to submit evidence warranting judgment in his favor as a matter of law.

The court erred, however, in refusing to grant the cross motion of defendant Baker Rental Sales & Fabrication, Inc. (Baker Rental) for summary judgment, dismissing the negligence cause of action in its entirety and the strict products liability cause of action insofar as it alleges a failure to warn. Baker Rental met its initial burden on its cross motion for summary

judgment and plaintiff failed to raise an issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). He offered no evidence that defendants failed to test or inspect the mixer, that the mixer was negligently manufactured, or that defendants failed to warn of the dangers of inserting one's hand in the mixer while the engine is running. Indeed, the owner's manual did warn of that danger and plaintiff admitted that he had read it. Moreover, plaintiff admitted that he was aware of the danger of putting his hand in the mixer while the blades were rotating and that it was inappropriate for him to do so.

We further conclude that, to the extent the strict products liability cause of action alleges defective design, the court properly refused to grant summary judgment dismissing it. The court properly concluded that factual issues exist whether the absence of a kill switch or some other shut-off mechanism in proximity to the end of the mixer drum constituted a design defect and whether that alleged defect, in addition to plaintiff's own conduct, was a substantial factor in causing plaintiff's injury *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 109-110).

Thus, we modify the order on appeal by granting in part the cross motion of Baker Rental for summary judgment, dismissing the negligence cause of action in its entirety and dismissing the strict products liability cause of action except insofar as it alleges that the mixer was defectively designed. (Appeals from Order of Supreme Court, Ontario County, Henry, Jr., J.— Dismiss Causes of Action.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.