■ ROCHESTER REFRIGERATING CORP., Respondent, v EASY HEAT, INC., et al., Appellants. [635 NYS2d 890] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: A portion of plaintiff's warehouse was destroyed by fire, which appears to have resulted from a short circuit of a heat cable installed by plaintiff's employee on a metal water pipe located inside the warehouse. Plaintiff commenced this action against, *inter alia,* Easy Heat, Inc., Bristol Corp., Herron Cable Industries, Ltd., and Wirekraft, Inc. (defendants), the manufac-

turers of the heat cable and its component parts, asserting causes of action for negligence and strict products liability.

Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. Defendants established that the heat cable was a roof cable de-icer intended to be installed on roofs, gutters and downspouts on the outside of buildings. They satisfied their initial burden of showing that there was no defect in the design or manufacture of the product and that they were not negligent in its design or manufacture. Plaintiff did not submit any evidence that defendants negligently designed or manufactured the heat cable unit; that there was a manufacturing defect; or that the alleged design defect, the absence of a thermostat, was in fact a design defect in this product that was intended to be used on the outside of a building. Moreover, plaintiff failed to raise a triable issue of fact to support his allegation of a failure to warn *(see, Ploof v Stone Constr. Equip.,* 221 AD2d 1008). Plaintiff's maintenance employee testified at an examination before trial that he ignored warning notices printed on the outside of the product package and written instructions on the inside of the package. Those notices and instructions, if read, would have warned the employee to install the de-icer only on roofs, gutters and downspouts. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.