■ HERBERT UPFOLD, JR., et al., Respondents, v GENERAC CORPORATION, Respondent, and BJ'S WHOLESALE CLUB, Appel-

lant. HERBERT UPFOLD, JR., et al., Respondents, v WABAN, INC., et al., Doing Business as BJ's WHOLESALE CLUB, Appellants, and BROCKWAY STANDARD, INC., Formerly Known as STANDARD CONTAINER COMPANY, Respondent. [638 NYS2d 264] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying in its entirety the motion of defendants Waban, Inc., and Homeclub, Inc., each doing business as BJ's Wholesale Club, insofar as they sought partial summary judgment dismissing the negligence causes of action to the extent that those causes of action allege that the product literature provided upon the sale of the generator purchased by Herbert W. Upfold, Jr. (plaintiff) was inadequate. Plaintiff alleged that the product literature provided by the moving defendants failed to warn of the dangers associated with the use of the generator. Plaintiff testified at his examination before trial, however, that he generally does not read literature accompanying a product unless he encounters a problem and he conceded that, between the time of purchase and the time of the accident, he never read any literature that accompanied the generator. Thus, there is no causal connection between the product literature and plaintiff's injuries (see, Rochester Refrig. Corp. v Easy Heat, 222 AD2d 1013; Ploof v Stone Constr. Equip., 221 AD2d 1008). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.