■ JOSEPHINE M. BELLINO, Individually and as Executor of JOSEPH A. BELLINO, Deceased, Appellant, v MARTIN SPATZ et al., Defendants, and ROBERTA BERKEN, as Executor of ARTHUR BERKEN, Deceased, Respondent. [650 NYS2d 751] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered November 9, 1995, which granted the motion of the defendant Roberta Berken as executor of the estate of Arthur Berken to dismiss the complaint insofar as asserted against that defendant.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent Joseph A. Bellino was a patient of Dr. Arthur Berken (now also deceased), an internist, from 1979 until 1987. Dr. Berken was essentially the family physician. The patient succumbed to, among other illnesses, cancer of the prostate in 1987. The plaintiff, as executor of the patient's estate, commenced this action alleging, *inter alia,* that Dr. Berken failed to timely diagnose the cancer, conduct the proper tests, and refer the patient to an appropriate specialist. The executor of Dr. Berken's estate moved for summary judgment dismissing the complaint insofar as asserted against that defendant. We now affirm the Supreme Court's order granting that motion.

In support of the motion for summary judgment, Dr. Berken's executor proffered, *inter alia,* an affidavit from a medical expert, Dr. Richard Blum. Dr. Blum, after detailing the treatment of the patient, opined, to a reasonable degree of medical certainty, that Dr. Berken's treatment did not depart from good and accepted medical practice. This was sufficient to establish a prima facie entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Georges v Swift,* 194 AD2d 517). Accordingly, the burden shifted to the plaintiff to raise a triable issue of a material fact *(see, Alvarez v Prospect Hosp., supra).* However, the evidence proffered by the plaintiff, including the affidavit from a medical expert, failed to even address the fact that, since 1984, the patient had consulted with and was being treated by another of the defendants, Dr. Martin Spatz, a urology specialist, for the very condition complained of, and that Dr. Berken was aware of such treatment and had a communication from Dr. Spatz recommending a course of treatment. Accordingly, the evidence proffered by the plaintiff was inadequate to rebut the prima facie case established by Dr. Berken's executor and to

raise a triable issue of material fact (see, Kane v City of New York, 137 AD2d 658). Thus, the complaint was properly dismissed as against Dr. Berken's executor. O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.