■ ANGELINO RODRIGUEZ et al., Appellants, v DAVIS EQUIPMENT CORP. et al., Respondents, et al., Defendants. ROLLE BROTHERS SALES SERVICE, INC., Third-Party Plaintiff-Respondent, v PLANDOME COUNTRY CLUB, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [651 NYS2d 528] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about August 28, 1995, which, in a products liability case, insofar as appealed from, granted the motions of defendants manufacturer and lessor for judgment notwithstanding the verdict, unanimously affirmed, without costs.

Since plaintiffs failed to object to the trial court's charge that their failure to warn claim involved only "remaining in the seat when operating the trencher", the sufficiency of the failure to warn evidence can be assessed only as it relates to that particular theory of failure to warn (*see, Harris v Armstrong*, 64 NY2d 700). Concerning that theory, we agree with the trial court that plaintiffs failed to show that a warning to operate the trencher only while in the operator's seat was in fact lacking, and that, in any event, the injured plaintiff's admission that he was not looking for warnings shows that the alleged lack of a warning was not a substantial factor in causing his injuries (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532). We also agree with the trial court that the testimony of plaintiff's expert witness concerning the cause of the accident was speculative, without support of facts in the record, and therefore insufficient to find defendant manufacturer liable for defective design (*see, Espinosa v A & S Welding & Boiler Repair*, 120 AD2d 435, 437). Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.