mary judgment dismissing each cause of action insofar as it alleges defective design. Although defendant met its initial burden, plaintiff raised triable issues of fact whether the absence of a time delay and audible alarm or some type of shut-off mechanism constituted a design defect and whether that alleged defect was a substantial factor in causing plaintiff's injury (*see, Ploof v Stone Constr. Equip.*, 221 AD2d 1008, 1009). Further, unlike a component manufacturer, defendant is not relieved of liability on the ground that the conveyor was produced in accordance with the specifications of plaintiff's employer (*see, City of Cohoes v Kestner Engrs.*, 226 AD2d 914).

Defendant, however, is entitled to summary judgment dismissing each cause of action insofar as it alleges failure to warn. Defendant established as a matter of law that plaintiff, an experienced repairman, was aware of the danger inherent in reaching into the machine without locking out the power, and plaintiff failed to raise a triable issue of fact. "There is no duty 'to warn a customer already aware—through common knowledge or learning—of a specific hazard' " (*Schiller v National Presto Indus.*, 225 AD2d 1053, quoting *Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55, 65; *see also, Broadie v General Motors Corp.*, 216 AD2d 507).

Thus, we modify the order by granting in part defendant's motion for summary judgment and dismissing each cause of action insofar as it alleges failure to warn. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.

■ In the Matter of WILLIAM HART, Respondent, v COUNTY OF CHAUTAUQUA, Appellant, et al., Respondents. (Appeal No. 1.) [653 NYS2d 909] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Judgment of Supreme Court, Chautauqua County, Gorski, J.—CPLR art 78.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.

■ In the Matter of WILLIAM HART, Respondent, v COUNTY OF CHAUTAUQUA et al., Appellants. (Appeal No. 2.) [654 NYS2d 58] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondents appeal from a judgment that granted the CPLR article 78 petition and reinstated petitioner to his position as Deputy Director of the Division of Buildings and Grounds with back pay and benefits. We reverse and dismiss the petition.