■ PRIMITIVA GUADALUPE, Appellant, v DRACKETT PRODUCTS COMPANY et al., Respondents. [676 NYS2d 177] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered September 2, 1997, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

Plaintiff attempted to unclog a drain by pouring a third of a can of "Crystal Drano" into a glass jar and adding "very hot water". The combination violently erupted, causing plaintiff to suffer serious burns to her chest and other parts of her body. While defendants did not meet their burden of proof to demonstrate that the labeling on the can complied with the Federal Hazardous Substances Act (*see,* 15 USC § 1261 [p] [1]) so as to preclude a State law misbranding or improper labeling claim (*see, Moss v Parks Corp.*, 985 F2d 736, 740-741), we agree with the motion court's determination that, as a matter of law, any purported labeling or design defects were not the proximate cause of the plaintiff's accident. Plaintiff testified that she made no attempt to read the label or to obtain assistance or instruction before using the product, and, indeed, that it was her custom not to do so. Accordingly, any purported inadequacies in the product's labeling were not a substantial factor in bringing about her injury (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532; *Rodriguez v Davis Equip. Corp.*, 235 AD2d 222). In addition, the affidavit of plaintiff's expert in support of her claim for product design defects was purely speculative and as such insufficient to raise a triable issue (*Rodriguez v Davis Equip. Corp., supra*). We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.