■ BRENDA FAULKNOR, Appellant, v EDWARD SHNAYERSON et al., Respondents. [709 NYS2d 848] —In an action, *inter alia,* to recover damages for lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.H.O.), dated April 20, 1999, which, upon the granting of the defendants' motion for judgment as a matter of law made at the end of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

It is well established that "[w]hile a factual issue as to informed consent may arise from divergent claims of the patient and doctor concerning the advice given (*see, Lipsius v White,* 91 AD2d 271, 280), a case of malpractice based on lack of informed consent may not be submitted to a jury in the absence of expert medical testimony to support the qualitative insufficiency of the consent (CPLR 4401-a) i.e., that a reasonably prudent person in the patient's position would not have undergone the treatment if fully informed (Public Health Law § 2805-d [3] * * *)" (*Briggins v Chynn,* 204 AD2d 158, 158-159).

Viewing the testimony adduced at trial in the light most favorable to the plaintiff, there is no evidence establishing the qualitative insufficiency of the consent, or supporting the conclusion that a reasonably prudent person in the patient's position would not have undergone the treatment if fully informed (*see, Davis v Nassau Ophthalmic Servs.,* 232 AD2d 358; *Gonzalez v Moscarella,* 142 AD2d 550). As such, the trial court properly dismissed the complaint.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.