■ PETER BARRESI, Respondent, v SUO-MAW CHOU, Appellant, et al., Defendants. [740 NYS2d 444] —In an action to recover damages for medical malpractice, the defendant Suo-Maw Chou appeals from an order of the Supreme Court, Richmond County (Rosenberg, J.), entered February 6, 2001, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

On August 2, 1994, the plaintiff saw the defendant Suo-Maw

Chou, M.D., concerning a complaint of pain in his testicle. The parties' recollections of the visit are different. Dr. Chou asserts that the entry on the plaintiff's medical record of "pain in testicle lately," indicated complaints of pain that occurred within the last few days before the visit. According to the plaintiff, the pain was of longer duration. Further, he asserted, he complained to Dr. Chou of a pea-sized lump in his testicle, headaches, fatigue, night sweats, lower back pain, anxiety, frequent sore throats, occasional heaviness in the pelvis, and leg numbness. Dr. Chou performed a physician examination of the plaintiff's testicles and ordered certain blood and urine tests. The plaintiff returned to Dr. Chou's office on August 27, 1994, for the treatment of high blood pressure and high cholesterol, as revealed by the blood test. During the visit, no examination was performed, and no express inquiry or complaint was made concerning the plaintiff's testicle. The plaintiff did not return to Dr. Chou. In January 1995, the plaintiff was examined by a urologist and a sonogram was performed. No diagnosis of cancer was made. In March 1995, after visits to other doctors and additional examination and testing, the plaintiff was diagnosed with testicular cancer. Subsequently, he underwent chemotherapy and his left testicle was surgically removed. The plaintiff thereafter commenced this medical malpractice action against Dr. Chou, among others. In the order appealed from, the Supreme Court denied Dr. Chou's motion for summary judgment dismissing the complaint insofar as asserted against him. We affirm.

In support of his motion, Dr. Chou demonstrated a prima facie entitlement to judgment as a matter of law by offering expert medical opinion evidence that he did not depart from good and accepted medical practice in his care of the plaintiff (see Bellino v Spatz, 233 AD2d 355; Schaefer v Marchiano, 193 AD2d 664). In opposition to this prima facie demonstration, the plaintiff offered expert medical opinion evidence that Dr. Chou deviated from good and accepted medical practice when he failed to refer the plaintiff to a urologist, failed to order a sonogram, and failed to order blood tumor marker studies. Further, the plaintiff's expert opined that the delay in diagnosis from August 2, 1994, to March 21, 1995, allowed the cancer to progress from Stage I to Stage II, and necessitated additional medical and surgical treatment, and resulted in further injuries. However, as to the first two assertions of malpractice, it is not disputed that the plaintiff was examined by a urologist and that a sonogram was performed in January 1995, and Dr. Chou offered unrebutted expert medical opinion evidence that the sonogram was properly performed and interpreted, and re-

vealed no evidence of testicular cancer. Thus, it may be determined as a matter of law that the failure to have referred the plaintiff to a urologist and to have ordered a sonogram on August 2, 1994, was not a proximate cause of the damages alleged. As to the remaining assertion of malpractice, the conflicting testimony concerning the August 2, 1994, visit and the conflicting expert medical opinion evidence raises a question of fact as to whether Dr. Chou deviated from good and acceptable medical practice when he failed to order blood tumor marker studies. Thus, the motion for summary judgment was properly denied. Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.