■ MICHAEL SOSNA, Appellant, v AMERICAN HOME PRODUCTS et al., Respondents, et al., Defendant. [748 NYS2d 548] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 17, 2001, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Contrary to plaintiff's argument, in this state, it remains plaintiff's burden to prove that defendant's failure to warn was a proximate cause of his injury (*see e.g. Glucksman v Halsey Drug Co.*, 160 AD2d 305, 307) and this burden includes adducing proof that the user of a product would have read and heeded a warning had one been given (*see e.g. Guadalupe v Drackett Prods. Co.*, 253 AD2d 378; *Rodriguez v Davis Equip. Corp.*, 235 AD2d 222; *Upfold v Generac Corp.*, 224 AD2d 1021, 1022; *Rochester Refrig. Corp. v Easy Heat*, 222 AD2d 1013, *lv denied* 89 NY2d 817). In any event, plaintiff's deposition testimony was clear that he had not read defendant manufacturer's warnings until after he had stopped using its product and sustained the complained-of injury, and his subsequently authored affidavit raised no triable issue of fact as to whether he had in fact read the warning at a time when the warning, if adequate, might have been efficacious, since such affidavit "can only be considered to have been tailored to avoid the consequences of [plaintiff's] earlier [deposition] testimony" (*Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320). While in *Johnson v Johnson Chem. Co.* (183 AD2d 64), the Second Department held that, under certain circumstances, "a plaintiff who admittedly failed to read the warnings supplied by the manufacturer of a product [may] recover damages based on the theory that the manufacturer's warnings were inadequate" (at 66), the complaint in *Johnson* was premised upon the theory that the warning provided by the defendant was insufficiently conspicuous or prominent (*see e.g. Anderson v Hedstrom Corp.*, 76 F Supp 2d 422, 443-444). In contrast, plaintiff has, until this appeal, contended simply that defendant's warning was substantively inadequate. Concur—Lerner, J.P., Rubin, Friedman and Gonzalez, JJ.