■ MAGDA FICK, Appellant, v MEYER HODES et al., Defendants, and ROBERT Y. GARROWAY et al., Respondents. [748 NYS2d 506] —In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Mahon, J.), entered August 8, 2001, which granted the motion of the defendants Robert Y. Garroway and Long Island Orthopaedic Group, P.C., for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, entered September 11, 2001, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs commenced this action against, among others, Dr. Robert Y. Garroway, an orthopedist, and Long Island Orthopaedic Group, P.C. (hereinafter Long Island Orthopaedic), alleging, inter alia, that their failure to diagnose an infection ultimately led to the demise of the plaintiff's decedent. Garroway and Long Island Orthopaedic moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. We affirm.

The movants established, prima facie, their entitlement to summary judgment by demonstrating, through expert opinion, that they treated the decedent in accordance with accepted orthopedic standards of care. In opposition, the plaintiffs' expert failed to raise a triable issue of fact (*see Denenberg v North Shore Univ. Hosp.,* 292 AD2d 493, 494; *Reinah v Mills,* 288 AD2d 204). Accordingly, the Supreme Court properly dismissed the complaint insofar as it was asserted against the moving defendants. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.