■ ANTOINETTE ROMANO, Appellant, v HELEN COLEN, Respondent. [759 NYS2d 353] —In an action, inter alia, to recover damages for medical malpractice based on lack of informed consent, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Ponterio, J.), entered November 29, 2001, which granted that branch of the defendant's motion which was pursuant to CPLR 4404 to set aside a jury verdict in favor of her and for judgment as a matter of law, and (2) a judgment of the same court entered January 9, 2002, which is in favor of the defendant and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the immediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To recover damages for medical malpractice based on lack of informed consent, the plaintiff was required to prove that the defendant failed to disclose to her the material risks, benefits, and alternatives to the surgery which a reasonable medical

practitioner "under similar circumstances would have disclosed, in a manner permitting [the plaintiff] to make a knowledgeable evaluation," and that a reasonably prudent person in the plaintiff's position would not have undergone the surgery if he or she had been fully informed (Public Health Law § 2805-d [1], [3]; *see Davis v Nassau Ophthalmic Servs.*, 232 AD2d 358 [1996]).

Viewing the testimony adduced at trial in the light most favorable to the plaintiff, we find that she failed to establish that the consent was qualitatively insufficient (*see Faulknor v Shnayerson*, 273 AD2d 271 [2000]; *Berger v Becker*, 272 AD2d 565 [2000]; *Lopez v Sheskier*, 262 AD2d 536 [1999]). Consequently, the Supreme Court properly dismissed the complaint.

We have not considered the plaintiff's contention that expert testimony is not required to prove that a reasonably prudent person would not have undergone surgery. The Supreme Court ruled in her favor on that issue and, therefore, she was not prejudiced by that determination.

The plaintiff's remaining contentions are without merit. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.