■ Judy Stancavage, Respondent, v Brian Mirman, Appellant. [766 NYS2d 107] —In an action, inter alia, to recover damages for dental malpractice, the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), entered October 8, 2002, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In January 1999 the plaintiff was referred to the defendant for treatment of a problem with one of her teeth. The defendant, an endodontist, treated her by performing root canal therapy

on that tooth. After completion of the treatment the plaintiff allegedly developed, inter alia, paresthesia and pain in her jaw. Attributing this to the defendant's conduct, she commenced this action asserting causes of action for failure to follow good and accepted dental practice, as well as lack of informed consent.

After the matter was placed on the trial calendar, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, finding that there were conflicting experts' affidavits on the issue of whether the defendant's conduct constituted a departure from good and accepted dental practice. It also noted that the complaint did not set out a separate cause of action for lack of informed consent.

Preliminarily, we note that while the Supreme Court was technically correct that the complaint did not set out a separate cause of action for lack of informed consent, the allegations in the complaint clearly made out such a claim. As to the merits, the motion should have been granted in its entirety.

In support of his motion to dismiss the complaint, the defendant submitted his own affidavit as an expert, alleging, in effect, inter alia, that his treatment of the plaintiff was proper, that he did not depart from the requisite standard of care, and that the only reasonable course of treatment under the circumstances in which the plaintiff presented herself to him was to perform root canal therapy on her tooth. This was sufficient to demonstrate, prima facie, that his work followed good and accepted dental practice (*see Knutson v Sand,* 282 AD2d 42 [2001]; *see also Prete v Rafla-Demetrious,* 224 AD2d 674 [1996]), and also that the plaintiff would be unable to make out one of the required elements of a cause of action to recover damages based on a lack of informed consent (*see* Public Health Law § 2805-d [1], [3]; *Faulknor v Shnayerson,* 273 AD2d 271 [2000]; *Davis v Nassau Opthalmic Servs.,* 232 AD2d 358 [1996]).

This shifted the burden to the plaintiff to show, by way of expert testimony, the existence of a triable issue of fact as to either or both of these causes of action. She failed to do so. Her expert's affidavit failed to allege that the defendant's actions departed from the requisite standard of care. It also failed to address in any way the issue of informed consent. Accordingly, the motion should have been granted in its entirety (*see Knutson v Sand, supra; Prete v Rafla-Demetrious, supra;* Public Health Law § 2805-d [1], [3]; *Faulknor v Shnayerson, supra; Davis v Nassau Opthalmic Servs., supra; see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The defendant's remaining contention need not be reached in

light of our determination. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.