■ MARY ELIZABETH HAGGERTY, Appellant, v WYETH AYERST PHARMACEUTICALS et al., Respondents, et al., Defendant. [782 NYS2d 842]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated January 17, 2003, as granted the separate motions of the defendant Edward Reilly and the defendants Wyeth Ayerst Pharmaceuticals, Lederle Laboratories, American Cyanamid, and American Home Products Corporation for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's cross motion for the imposition of sanctions against those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Edward Reilly and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed

from, without costs or disbursements, and the complaint is reinstated insofar as asserted against the defendant Edward Reilly.

On the evening of May 7, 1993, the 18-month-old plaintiff suffered seizures symptomatic of encephalitis, allegedly resulting from the administration of a vaccination earlier in the day. It was later determined that she had sustained severe brain damage.

There is evidence in the record that whole-cell diphtheria-tetanus-pertussis vaccine (hereinafter whole-cell DTP) may cause such a reaction. The plaintiff's parents had consented to the administration of measles-mumps-rubella vaccine (hereinafter MMR) not whole-cell DTP. The plaintiff asserts that her pediatrician, Dr. Edward Reilly, mistakenly administered whole-cell DTP rather than MMR.

The plaintiff commenced the instant action against, among others, Dr. Reilly, and Wyeth Ayerst Pharmaceuticals, Lederle Laboratories, American Cyanamid, and American Home Products Corporation (hereinafter collectively Wyeth) as manufacturers of whole-cell DTP. The Supreme Court granted the separate motions of Dr. Reilly and Wyeth for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff appeals.

Dr. Reilly failed to establish his entitlement to judgment as a matter of law on the issue of whether he mistakenly administered whole-cell DTP vaccine to the plaintiff instead of measles vaccine on May 7, 1993, and whether such a mistake would constitute medical malpractice. He acknowledged that in a prior sworn statement he had said that it was "very probable" that he had administered a diptheria-tetanus-pertussis vaccine to the plaintiff on May 7, 1993, and his statement was supported by his entry in one of the child's records. In 1991 the Food and Drug Administration had approved the use of a safer form of diphtheria-tetanus-pertussis vaccine known as acellular DTaP for the fourth and fifth doses of the vaccine in the five-shot series. Prior to May 7, 1993, the plaintiff had received three doses of whole-cell DTP. If she received diphtheria-tetanus-pertussis vaccine on May 7, 1993, it was her fourth dose. Therefore, acellular DTaP was available to her. Dr. Reilly acknowledged that if he had intended to administer diphtheria-tetanus-pertussis vaccine, he would have used acellular DtaP.

In addition, Dr. Reilly failed to demonstrate his entitlement to judgment as a matter of law with respect to the cause of action alleging lack of informed consent (see Colon v Klindt, 302 AD2d 551, 553 [2003]). Since Dr. Reilly and the child's parents

were under the impression that the child was receiving MMR, the plaintiff's parents were not informed of the reasonably foreseeable risks of inoculating the child with the whole-cell DTP vaccine. Dr. Reilly failed to establish as a matter of law that a reasonably prudent, fully informed person in the position of the child's parents would have allowed the child to be inoculated with whole-cell DTP vaccine (*see* Public Health Law § 2805-d [1], [3]; *Santilli v CHP, Inc.*, 274 AD2d 905, 907 [2000]; *Faulknor v Shnayerson*, 273 AD2d 271 [2000]).

The Supreme Court properly granted Wyeth's motion for summary judgment. As a matter of law, it would not have been feasible for Wyeth to completely remove the whole-cell DTP vaccine entirely from the marketplace since at the time there was no other approved version available for the first three doses of diphtheria-tetanus-pertussis vaccine (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]; *Felix v Akzo Nobel Coatings*, 262 AD2d 447, 448 [1999]). Furthermore, any alleged failure to warn attributable to the Wyeth defendants was not a proximate cause of the plaintiff's injuries. The evidence indicates that Dr. Reilly had intended to inoculate the plaintiff with a different vaccine, and his alleged use of the whole-cell DTP vaccine was completely unintentional. Accordingly, any warnings or lack of warnings with respect to whole-cell DTP had no effect on his conduct (*see Sosna v American Home Prods.*, 298 AD2d 158 [2002]; *Guadalupe v Dracket Prods. Co.*, 253 AD2d 378 [1998]; *Glucksman v Halsey Drug Co.*, 160 AD2d 305 [1990]).

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion to impose sanctions. H. Miller, J.P., Krausman, Goldstein and Skelos, JJ., concur.