■ TELELIA WILLIAMS, Respondent, v SANJAY SAHAY et al., Defendants, JAMAICA DENTAL CENTER, Respondent, and ANDREW MARKS et al., Appellants. [783 NYS2d 664]—

In an action, inter alia, to recover damages for medical and dental malpractice, (1) the defendant Andrew Marks appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated February 13, 2003, as denied that branch of his motion which was for summary judgment dismissing the remaining causes of action and all cross claims insofar as asserted against him, (2) the defendant Alex Lee appeals from so much of a second order of the same court, also dated February 13, 2003, as denied that branch of his motion which was for summary judgment dismissing the remaining causes of action and all cross claims insofar as asserted against him, and the defendant Ranvir Yadan Singh separately appeals, as limited by his brief, from so much of the second order as denied that branch of his motion which was for summary judgment dismissing the remaining causes of action insofar as asserted against him.

Ordered that the first order dated February 13, 2003, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Andrew Marks which was for summary judgment dismissing the remaining causes of action and all cross claims insofar as asserted against him is granted and the complaint and all cross claims are dismissed insofar as asserted against that defendant; and it is further,

Ordered that the second order dated February 13, 2003, is

modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Alex Lee which was for summary judgment dismissing the remaining causes of action and all cross claims insofar as asserted against him and substituting therefor a provision granting that branch of Alex Lee's motion and the complaint and all cross claims are dismissed insofar as asserted against that defendant; as so modified, the second order dated February 13, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the action against the remaining defendants is severed; and it is further,

Ordered that the one bill of costs is awarded to the defendants Andrew Marks and Alex Lee payable by the plaintiff.

The plaintiff brought this action against, among others, two physicians and a dentist who treated her between 1997 and 2000, alleging that they failed to timely diagnose and treat her follicular lymphoma thereby causing her to sustain serious permanent injuries. After discovery, the defendants Dr. Andrew Marks and Dr. Alex Lee separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them and the defendant Dr. Ranvir Yadan Singh separately moved for summary judgment dismissing the complaint insofar as asserted against him.

Dr. Singh's denomination of his motion as a "cross motion," was incorrect as the plaintiff was not a moving party (*see* CPLR 2215). Therefore, Dr. Singh was required to give at least eight days' notice of his motion (*see* CPLR 2214 [b]), or 13 days' notice if served by mail (*see* CPLR 2103 [b] [2]; *cf. Matter of ATM One v Landaverde*, 2 NY3d 472, 477-478 [2004]). Dr. Singh only gave five days' notice of his motion. The plaintiff did not oppose the motion being unaware of its existence on the return date. Had the Supreme Court granted that branch of Singh's motion which was for summary judgment dismissing the cause of action for medical malpractice insofar as asserted against him, the plaintiff's remedy would have been to move to vacate her default (*see Smith v City of New York*, 238 AD2d 574 [1997]; *Myers & Co. v Owsley & Sons*, 192 AD2d 927 [1993]; Siegel, NY Prac § 293, at 455 [3d ed]). However, since the Supreme Court denied that branch of Singh's motion, the plaintiff was not aggrieved thereby, but properly asserted this argument in support of an affirmance (*see Mitchell v New York Hosp.*, 61 NY2d 208, 213-214 n 2 [1984]; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]; Karger, Powers of the New York Court of Appeals § 66 [d], at 405 [3d ed]; *cf.* CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-546 [1983]).

The defendant Dr. Lee initially examined the plaintiff in an emergency room where she complained of uncontrolled hypertension and presented with swollen cheeks. Dr. Lee performed various examinations of the plaintiff which all yielded normal results, admitted her to the hospital, and called in an infectious disease specialist to rule out a tumor. Dr. Lee also called in an ear, nose, and throat (hereinafter ENT) specialist who examined the plaintiff several days later. After finding that the plaintiff was medically stable, Dr. Lee discharged her with specific instructions to follow up with an ENT examination through her regular healthcare provider.

The essential elements of a medical malpractice claim are a departure from good and accepted medical practice and evidence that such departure was a proximate cause of the plaintiff's injury (*see DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]). Therefore, on a motion for summary judgment, a defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The evidence submitted by Dr. Lee, including hospital records, his affidavit, deposition testimony, and a medical expert's opinion contained in a sworn affidavit, established his prima facie entitlement to summary judgment (*see Yasin v Manhattan Eye, Ear & Throat Hosp.*, 254 AD2d 281 [1998]). In opposition, the plaintiff's evidence, including the unsworn affidavit of an unnamed expert, was insufficient to raise a triable issue of fact as to whether Dr. Lee's care of the plaintiff deviated from good and accepted medical practice (*see Yasin v Manhattan Eye, Ear & Throat Hosp., supra; Bellino v Spatz*, 233 AD2d 355 [1996]; *Koeppel v Park*, 228 AD2d 288 [1996]; *cf. Barresi v Chou*, 293 AD2d 637, 639 [2002]).

In a claim to recover damages for dental malpractice, the same general standard applies. A dentist who moves for summary judgment must demonstrate, prima facie, that his or her work followed good and accepted dental practice (*see Stancavage v Mirman*, 309 AD2d 918, 919 [2003]). Dr. Marks, a dentist, examined the plaintiff on one occasion after she was referred to him regarding pain in her neck. Dr. Marks instructed the plaintiff to have a CAT scan performed and to return to him after receiving the results. Although Dr. Marks received the CAT scan results, the plaintiff never returned to him. Instead, the plaintiff showed the CAT scan report to a friend who knew "quite a bit about medicine," who told her that there was nothing wrong.

The evidence submitted by Dr. Marks in support of his motion established his prima facie entitlement to summary judgment on the cause of action for dental malpractice (*see Stancavage v Mirman, supra*). In opposition, the plaintiff failed to meet her burden of raising a triable issue of fact as to whether Dr. Marks breached any duty to her which proximately caused her injuries (*see Keating v Zirlinger*, 4 AD3d 337, 338 [2004]).

Accordingly, the Supreme Court should have granted those branches of the separate motions of Dr. Lee and Dr. Marks which were for summary judgment dismissing the remaining causes of action and all cross claims insofar as asserted against them. Smith, J.P., Krausman, Crane and Skelos, JJ., concur.