■ NAIROBI MIGDALIA GERMAN, Appellant-Respondent, v JOSE MORALES et al., Respondents-Appellants, and RECOCHEM, INC., Respondent. [806 NYS2d 493]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 21, 2004, which, in an action for wrongful death

arising out of a flash fire that occurred while the decedent was renovating a house owned by defendant Morales, and allegedly caused when vapors from a can of lacquer thinner manufactured by defendant Recochem, Inc. and distributed by defendant Five Star Group, Inc. were ignited by the pilot light of a basement water heater, granted defendants' motions for summary judgment to the extent of dismissing the complaint and all cross claims as against Recochem and Five Star, unanimously modified, on the law, to deny Recochem's motion in its entirety, reinstate the complaint against Recochem and Five Star, and grant Five Star's motion only to the extent of awarding it conditional indemnification against Recochem, and otherwise affirmed, without costs.

The affidavit of plaintiff's expert is sufficient to raise an issue of fact not only as to whether Recochem's labeling of the can of lacquer thinner deviated from certain industry standards and provisions of the federal Hazardous Substance Act, but also as to whether any such deviation was a proximate cause of the flash fire. A jury could reasonably conclude, on the basis of the warnings that the expert asserts should have been included on the label, that the warnings that were included were inadequate and inconspicuous. Under such circumstances, a manufacturer who provides insufficient warnings cannot avoid liability solely because the plaintiff did not read the warnings that were provided (*Johnson v Johnson Chem. Co.,* 183 AD2d 64, 71 [1992]). The motion court also erred in holding that the *Noseworthy* doctrine does not apply as against Recochem and Five Star (*see Rivenburgh v Viking Boat Co.,* 55 NY2d 850 [1982]).

Upon reinstatement of the complaint as against Recochem and Five Star, we award the latter conditional indemnification against the former since "a seller or distributor of a defective product has an implied right of indemnification as against the manufacturer of the product" (*Godoy v Abamaster of Miami,* 302 AD2d 57, 62 [2003], *lv dismissed* 100 NY2d 614 [2003]). We affirm the denial of Morales's motion for summary judgment since he admittedly was supervising the decedent's work, and his deposition testimony does not eliminate issues of fact as to whether, inter alia, he had directed the decedent to use the lacquer thinner. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Malone, JJ.