■ LUIS PICHARDO et al., Appellants-Respondents, v C.S. BROWN COMPANY, INC., Respondent-Appellant, and MTD PRODUCTS, INC., Respondent. [827 NYS2d 131]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 19, 2005, which granted defendant MTD's

motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

It is well settled that a manufacturer is not responsible for injuries resulting from substantial alterations to or modifications of a product by a third party that render the product defective or otherwise unsafe (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 475 [1980]), except where the product is purposefully manufactured to permit or encourage its use without a designed safety feature (*see Lopez v Precision Papers*, 67 NY2d 871 [1986]). Here, it is undisputed that the snowblower in question was improperly repaired by defendant Brown after it left the defendant manufacturer's control. The court properly found there was no failure to warn on MTD's part, not only because the operating manual did contain a warning against making the very repair performed by Brown, but also because there was no testimony suggesting that Brown's employees consulted the manual, or even had one available, when they repaired the machine (*see Sosna v American Home Prods.*, 298 AD2d 158 [2002]). We reject the assertion that the failure to use bolts of a different diameter for the upper and lower parts of the machine's handle assembly, in order to prevent an assembler from interchanging them or their washers, constitutes a design defect, especially since the manual clearly differentiates between, and shows detailed drawings of, the upper carriage bolts, which have round heads, and the lower hex bolts, which have six-sided heads. We note that any claim that the plaintiff operator was injured as a result thereof would be speculative in light of his testimony that the automatic cutoff control functioned well on the occasions he used the snowblower prior to its repair, at which time the supposed defect was evident.

We have considered appellants' remaining contentions and find them unavailing. Concur—Buckley, P.J., Andrias, Saxe, Gonzalez and McGuire, JJ.