■ STEPHEN J. BUMBACA, Respondent, v JOEL BONANNO et al., Appellants. [834 NYS2d 276]—

In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 11, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

In November 1995 the plaintiff suffered a compound fracture of his left leg when he fell off a ladder. He was admitted to the defendant Staten Island University Hospital (hereinafter SIUH) where the defendant physicians, Maryirene Flynn and Joel Bonamo, sued herein as Joel Bonanno, placed an intramedullary rod in his leg. On March 24, 2000, after the plaintiff complained of pain, stiffness, and swelling in his leg, Flynn and Bonamo removed the intramedullary rod on the basis that the leg had healed properly. Prior to the removal, the plaintiff was given antibiotics and lab tests were ordered. According to Bonamo, the plaintiff showed no clinical indications of an infection, and thus, the intramedullary rod was not tested for bacteria. Once in the recovery room after removal of the rod, the plaintiff was given antibiotics again.

On March 27, 2000 Bonamo examined the plaintiff and noted that the plaintiff's wounds were clean and there was no drainage. Again, on April 3, 2000 Bonamo examined the plaintiff and noted that there was slight drainage at the distal/medial incision, slight foot swelling, and a reddened anterior proximal screw site. At that time, Bonamo counseled the plaintiff on the signs and symptoms of an infection, but did not take any cultures because there were no indications of an infection. Between April 4th and April 6th, the plaintiff noticed redness at the proximal screw site, which he self-treated with Neosporin,

but he decided not to see Bonamo about it. Again on April 9th, despite experiencing chills and sweats, the plaintiff decided not to visit Bonamo until his regularly scheduled appointment. On April 11, 2000 the plaintiff presented himself at Bonamo's office complaining of pain in his left ankle, chills, sweats, and reddening of the distal/medial incision site. Bonamo's impression was that the plaintiff was suffering from "cellulitis" and possibly "osteomyelitis." Bonamo started the plaintiff on antibiotics, took cultures, and gave him a written order instructing St. Vincent's Hospital to admit him. Once admitted, Bonamo continued to treat the plaintiff with antibiotics while awaiting the results of the cultures. Between April 13th and April 14th the plaintiff began to show signs of improvement such as negative drainage, diminished erythema, and a temperature decrease from a previous high of 102 degrees to 100.4 degrees. However, the results of the culture which Bonamo took at his office on April 11th reflected the presence of an infection. Bonamo ordered a magnetic resonance imaging scan to determine the extent of the infection, but the plaintiff voluntarily transferred himself to New York Presbyterian Hospital before the test could be performed. There, the plaintiff continued to receive antibiotics until April 18, 2000, when an orthopedist performed an incision and drainage in order to treat the plaintiff's "left acute osteomyelitis" and "deep abscess" of the leg. On April 20, 2000 the plaintiff received a second surgery, and four days later, he was discharged.

The plaintiff commenced this action alleging that the defendants Flynn and Bonamo negligently removed the intramedullary rod at SIUH and he further alleged that Bonamo failed to timely diagnose and treat the plaintiff's subsequent infection.

The defendants made a prima facie showing of entitlement to judgment as a matter of law based upon the respective deposition testimony of the plaintiff, the plaintiff's wife, Bonamo, and Flynn, the plaintiff's medical records, and the medical affidavit of Dr. Edward T. Habermann, which established that the defendants did not deviate from accepted medical practice during their removal of the intramedullary rod from the plaintiff's leg, and in their subsequent follow-up treatment (*see Williams v Sahay*, 12 AD3d 366, 368 [2004]; *Hoffman v Pelletier*, 6 AD3d 889, 890 [2004]). In opposition, the plaintiff's evidence, including the affidavit of an anonymous medical expert, was insufficient to raise a triable issue of fact as to whether the defendants departed from accepted medical practice (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Holbrook v*

*United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]). The plaintiff's medical expert did not assert that the defendants negligently removed the intramedullary rod from the plaintiff's left leg or that there were indications of an infection either prior to or immediately following surgery. Rather, the plaintiff's expert stated that the defendant physicians failed to timely diagnose the plaintiff's infection during follow-up examinations, and, upon diagnosing the infection, treated it with antibiotics instead of surgery. These bare and conclusory allegations were insufficient to raise a triable issue of fact because the affidavit failed to point to any symptoms which Bonamo should have recognized either on March 27, 2000, or April 3, 2000, as indicative of an infection, nor did the affidavit state what medical procedures would have revealed the infection earlier. Moreover, the affidavit of the plaintiff's expert did not indicate why the infection should have been treated with surgery instead of antibiotics (*see Fick v Hodes*, 298 AD2d 489, 490 [2002]; *Holbrook v United Hosp. Med. Ctr., supra*). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.