█ CARLOS MEDINA, Respondent, v BIRO MANUFACTURING COMPANY et al., Appellants, et al., Defendant. (And a Third-Party Action.) [57 NYS3d 35]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about October 17, 2016, which, insofar as appealed from, denied defendant Biro Manufacturing Company's motion for summary judgment dismissing the strict products liability claim as against it, and denied defendant Bi-County Scale & Equipment Co., LLC's motion for summary judgment dismissing the negligence claim as against it, unanimously modified, on the law, to grant Biro's motion except to the extent it is predicated on a design defect theory, and to grant Bi-County's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Bi-County.

Plaintiff was injured when the blade of a meat-cutting bandsaw he was operating at his place of employment allegedly dislodged and fell on his left hand. Plaintiff testified that the blade faced the right and that he was pushing the meat from right to left through the blade and grabbing it with his left hand from the left (non-cutting) side of the blade.

Defendant Biro, the manufacturer of the saw, failed to establish prima facie that the bandsaw was so designed as to contain adequate safeguards for protecting an operator's left hand from the blade. Biro merely contended that the warnings on the bandsaw, including to keep hands away from the blade, were sufficient. However, "even with adequate warnings, a product may be so dangerous, and its misuse may be so foreseeable, that a factfinder employing the required risk-utility analysis . . . could reasonably conclude that the utility of the product did not outweigh the risk inherent in marketing it" (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 34 [2011] [internal quotation marks omitted]).

The record demonstrates as a matter of law that any inadequacy of the warnings provided was not the proximate cause of plaintiff's accident, since plaintiff acknowledged that he did not pay attention to the warnings (*see Sosna v American Home Prods.*, 298 AD2d 158 [1st Dept 2002]).

Defendant Bi-County, the servicer of the saw, cannot be held liable to plaintiff for negligent performance of its service contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). There is no evidence of a negligent act or omission on its part or of any connection between any service it provided and plaintiff's accident. Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.