Valerio v 265 McClellan Realty, Inc. (2022 NY Slip Op 01280)





Valerio v 265 McClellan Realty, Inc.


2022 NY Slip Op 01280


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 303308/13E Appeal No. 15408-15408A Case No. 2021-01232 

[*1]Julio Valerio, Plaintiff-Appellant,
v
265 McClellan Realty, Inc., Defendant, Morales 167th Hardware Corp., Doing Business as Morales Hardware, et al., Defendants-Respondents.


Ferro, Kuba, Mangano, P.C., Hauppauge (Kenneth E. Mangano of counsel), for appellant.
Black Marjieh & Sanford LLP, Elmsford (Dana K. Marjieh of counsel), for Morales 167th Hardware Corp. and 1215 Hardware Corp., respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York (Meredith Drucker Nolen of counsel), for Hercules Chemical Company, Inc., respondent.



Orders, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered September 23, 2020, which, to the extent appealed from as limited by the briefs, granted defendant Hercules Chemical Company, Inc. (Hercules), and defendants Morales 167th Hardware Corp., doing business as Morales Hardware, and 1215 Hardware Corp.'s (together, Morales Hardware) motions for summary judgment dismissing plaintiff's failure to warn claim as against them, and denied plaintiff's motion for leave to amend his complaint and bill of particulars, unanimously affirmed, without costs.
Plaintiff's failure to warn claims were correctly dismissed, as plaintiff did not raise an issue of fact as to whether any such failure to warn proximately caused his injuries. Plaintiff testified that he did not look at the Clobber bottle before Morales Hardware's employee placed it in a plastic bag when he purchased it, that he did not attempt to read the label at any time prior to the accident, that he was not aware that the label was not in English (or Spanish, which plaintiff speaks and reads) at any time prior to the accident, and that he did not realize that the bottle's label was written in Greek until he gave the bottle to his attorneys after the accident. Under these circumstances, the causal connection between the bottle's label being printed in Greek and plaintiff's accident and injuries is severed (see M.H. v Bed Bath & Beyond Inc., 156 AD3d 33, 38 [1st Dept 2017]; Medina v Biro Mfg. Co., 151 AD3d 535, 536 [1st Dept 2017]). Because plaintiff's claim is not that the bottle's label was insufficiently conspicuous or prominent, but rather that it was inadequate or insufficient, his reliance on Johnson v Johnson Chem. Co. (183 AD2d 64 [2d Dept 1992]) and German v Morales (24 AD3d 246 [1st Dept 2005]) is misplaced (see Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 423 [1st Dept 2010]; Sosna v American Home Prods., 298 AD2d 158, 158 [1st Dept 2002]).
Based on the foregoing, the court providently exercised its discretion in denying plaintiff leave to amend his complaint and bill of particulars to assert violations of an Occupational Safety and Health Administration (OSHA) regulation (29 CFR 1910.1200), the Federal Hazardous Substances Act (FHSA) (15 USC § 1261 et seq.), and its enabling regulation (16 CFR 1500.121), because the amendments were palpably insufficient and devoid of merit (see generally MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). "OSHA safety regulations are promulgated to ensure workplace, not consumer, safety" (McKinnon v Skil Corp., 638 F2d 270, 275 [1st Cir 1981]), and therefore "do not even apply to the relationship between [defendants] and [plaintiff], which was that of producer [or seller] and consumer" (Minichello v U.S. Indus., Inc., 756 F2d 26, 29 [6th Cir 1985]). FHSA-based improper labeling claims are only viable against a product manufacturer (see Wallace v Parks Corp., 212 AD2d 132, 140 [4th Dept 1995]), and therefore would [*2]have no viability in this action as against Morales Hardware. Finally, while plaintiff's proposed FHSA-based amendments would be viable as against Hercules, they would still fail for lack of causation.
In the absence of any cross appeal, we decline Morales Hardware's invitation to search the record and award them summary judgment dismissing plaintiff's common-law negligence claim as against them.
We have considered the parties' remaining arguments and find them unavailing,THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022