■ CAROL BROWN, Respondent, v CITY OF NEW YORK et al., Appellants. [765 NYS2d 803] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered June 26, 2002, which, upon a jury verdict finding a nonparty defendant 10% at fault and the defendants 90% at fault in the happening of the accident, and awarding the plaintiff damages in the principal sums of $200,000 for past pain and suffering and $1,000,000 for future pain and suffering, and the stipulated sum of $372,266 for lost earnings, and upon the denial of their application pursuant to CPLR 4404 to set aside the verdict, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

On October 9, 1997, the plaintiff sustained injuries to her right hand when a heavy metal door on the defendants' premises forcefully slammed closed on it. As a result of the accident, the plaintiff developed reflex sympathetic dystrophy and allodynia, and suffers from chronic pain.

Contrary to the defendants' contention, the plaintiff made out a prima facie case and presented sufficient evidence to support the verdict. A valid line of reasoning could lead rational people to conclude that the door constituted a dangerous condition (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]), and that the defendants' duty to maintain the door in a reasonably safe condition was breached (*see Tagle v Jakob,* 97 NY2d 165 [2001]; *Basso v Miller,* 40 NY2d 233 [1976]). Furthermore, expert testimony was not required to establish that the door

constituted a dangerous condition (*see Bermeo v Rejai,* 282 AD2d 700, 701 [2001]; *see also Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 148 [1976]).

The damages awarded for past and future pain and suffering were not excessive.

The defendants' remaining contentions are without merit. Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.