■ LARRY KOSLOW et al., Appellants, v ZENITH ELECTRONICS CORPORATION, Respondent. [845 NYS2d 748]—In an action to recover damages based on strict products liability, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 22, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The Supreme Court erred in granting the defendant's motion for summary judgment, as the defendant failed to meet its initial burden of establishing its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Specifically, the defendant failed to establish that the subject product performed as intended or that there existed a likely cause of the accident not attributable to any defect in

the design or manufacturing of the product (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]; *D'Auguste v Shanty Hollow Corp.*, 26 AD3d 403, 404-405 [2006]; *Milazzo v Premium Tech. Servs. Corp.*, 7 AD3d 586, 588 [2004]). As the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.