SECOND DEPARTMENT, SEPTEMBER, 2008

(September 2, 2008)

■ DONNA CALANDRA, Respondent, v CRANE PLUMBING et al., Appellants, et al., Defendants. (And Third-Party Actions.) [863 NYS2d 485]—

In an action to recover damages for personal injuries, the defendants Crane Plumbing, Fiat Products, and Edwards, Platt & Deely, Inc., appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 27, 2007, which, inter alia, denied that branch of their motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries allegedly caused by defective safety glass insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for

personal injuries allegedly caused by defective safety glass insofar as asserted against them. The appellants failed to meet their initial burden of establishing their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Specifically, the appellants failed to establish that the subject product performed as intended or that there existed a likely cause of the respondent's injuries not attributable to any defect in the design or manufacturing of the product (*see Speller v Sears, Roebuck & Co.,* 100 NY2d 38, 41 [2003]; *Koslow v Zenith Elecs. Corp.,* 45 AD3d 810, 810-811 [2007]; *Taft v Sports Page Shop,* 226 AD2d 974 [1996]). As the appellants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions are without merit.

In light of the above, we decline the request of the defendant Blackman Plumbing Supply Company, Inc., a nonappealing defendant, to search the record and award summary judgment in favor of it. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur. [*See* 2007 NY Slip Op 31027(U).]