■ Nicole Paige Vereczkey, Respondent-Appellant, v Jamshid Sheik et al., Defendants, Harbor Plumbing and Heating Supply, LLC, et al., Respondents, and Rheem Manufacturing Company et al., Appellants-Respondents. (And a Third-Party Action.) [869 NYS2d 146]—

On February 27, 2002 the plaintiff, born on August 7, 1999, reached into the bathtub in the apartment where she resided

with her mother. The bathtub contained scalding water which caused her to sustain serious burns.

The plaintiff sued, among others, (1) Harbor Plumbing and Heating Supply, LLC (hereinafter Harbor), which allegedly sold a faucet cartridge to the defendant Jerry Pugliese, who installed it in the bathtub, (2) Masco Corporation of Indiana, doing business as Delta Faucet Company (hereinafter Delta), which manufactured the faucet cartridge, (3) Rheem Manufacturing Company (hereinafter Rheem), which manufactured a hot water heater, and (4) A.F. Rockland Plumbing Supply Corp. (hereinafter AF), which distributed the hot water heater. The causes of action at issue on this appeal relate to the faucet cartridge and the hot water heater. The plaintiff alleged, inter alia, that these products were defectively designed, manufactured, and marketed, and the manufacturers and distributors of these products were liable based upon, among other things, defective design and defective manufacture, breach of implied warranty, and failure to warn.

After issue was joined, Rheem and AF moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Harbor and Delta, as alleged distributor and manufacturer of the faucet cartridge, together with the defendants Masco Corporation (hereinafter Masco) and Fore-Kast Sales Co., Inc. (hereinafter Fore-Kast), separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied those branches of the motion of Rheem and AF which were for summary judgment dismissing the causes of action alleging a manufacturing defect and strict products liability predicated on a manufacturing defect insofar as asserted against them, and granted those branches of their motion which were for summary judgment dismissing the remaining causes of action alleging, among other things, breach of implied warranty, defective design of the hot water heater, and failure to warn insofar as asserted against them. The Supreme Court also granted those branches of the motion of Delta, Harbor, Masco, and Fore-Kast which were for summary judgment dismissing the complaint insofar as asserted against Harbor and Delta. We affirm the order insofar as reviewed.

Rheem and AF failed to establish their entitlement to judgment as a matter of law with respect to the alleged manufacturing defect in the hot water heater. The thermostat, hot water heater, and all component parts were sold as a set (cf. *Cleary v Reliance Fuel Oil Assoc., Inc.*, 17 AD3d 503 [2005], *affd* 5 NY3d 859 [2005]). Rheem's expert witness, Jacob Hall, testified at his

deposition that the original calibration of the thermostat appeared to be intact, but that the temperature of the water in the tank was nevertheless 25 degrees hotter than the thermostat indicated. Further, Hall stated that the hot water heater was designed to heat water to a maximum of 160 degrees Fahrenheit. However, when the plaintiff's expert, Daniel Misa, measured the temperature of the water from the bathtub faucet, he noted that the temperature of the water rose to in excess of 171 degrees Fahrenheit. Accordingly, Rheem and AF failed to establish, prima facie, that their product was not defective when it left their control (*see Ramos v Howard Indus., Inc.,* 10 NY3d 218, 224 [2008]). Moreover, they did not establish that the accident was caused by something other than a manufacturing defect in the product (*id.; see Speller v Sears, Roebuck & Co.,* 100 NY2d 38, 42 [2003]; *Koslow v Zenith Electronics Corp.,* 45 AD3d 810 [2007]; *Riglioni v Chambers Ford Tractor Sales, Inc.,* 36 AD3d 785, 786 [2007]; *D'Auguste v Shanty Hollow Corp.,* 26 AD3d 403, 404 [2006]). At best, they established that there were concurrent causes of the accident which would not absolve them of liability (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308 [1980]; *Kalam v K-Metal Fabrications,* 286 AD2d 603 [2001]).

However, with respect to the plaintiff's claim of a design defect in the hot water heater, and breach of implied warranty on the ground that the design was "not minimally safe for its expected purpose," Rheem and AF established their entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact (*see Denny v Ford Motor Co.,* 87 NY2d 248, 257, 259 [1995]; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108 [1983]).

Further, Harbor and Delta established their entitlement to judgment as a matter of law with respect to all causes of action insofar as asserted against them, and the plaintiff failed to raise a triable issue of fact. With respect to the cause of action alleging failure to warn against those defendants, there were warnings embossed into the parts themselves. The alleged failure to include instructions in the packaging did not raise a triable issue of fact since the inclusion of instructions would not have affected the conduct of the defendant Jerry Pugliese, who installed the faucet cartridge (*see Haggerty v Wyeth Ayerst Pharms.,* 11 AD3d 511, 513 [2004]; *Guadalupe v Drackett Prods. Co.,* 253 AD2d 378 [1998]).

The parties' remaining contentions are without merit. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.