NICOLE PAIGE VERECZKEY, Appellant, v JAMSHID SHEIK et al., Defendants, and RHEEM MANUFACTURING COMPANY et al., Respondents. (And a Third-Party Action.) [869 NYS2d 143]—

The relevant facts of his case are set forth in the decision on a companion appeal from an order of the Supreme Court, Westchester County, dated October 13, 2006 (*see Vereczkey v Sheik,* 57 AD3d 523 [2008]).

After the order dated October 13, 2006 was issued, the defendants Rheem Manufacturing Company (hereinafter Rheem) and A.F. Rockland Plumbing Supply Corp. (hereinafter AF) moved for leave to reargue and, in effect, to renew, based upon a new affidavit of their expert Jacob Hall stating that the discrepancy between the temperature setting on the thermostat and the actual temperature of water in the water heater was "more likely than not" caused by the thermostat "failing to sense accurately the temperature of the stored water . . .

because of a sediment and/or silt build up caused by a failure to maintain the subject hot water heater." In support of his allegations, he cited page 11 of Rheem's Use & Care Manual, which "suggested that a few quarts of water be drained from the water heater's tank every month." The stated reason for this procedure was that "[i]f sufficient hard water deposits accumulate, a rumbling or pounding sound can occur. *There is no danger involved* and the efficiency of the water heater is not seriously affected, but the noise can be annoying" (emphasis added).

The manual's troubleshooting guide stated that the problem of "water too hot" could have a number of causes. Conspicuously absent from those list of causes was "sediment in the tank." However, the troubleshooting guide advised that sediment in the tank caused a "rumbling noise."

In response to the motion of Rheem and AF, the plaintiff cross-moved for leave to renew her opposition to those branches of the prior motion of Rheem and AF which were for summary judgment dismissing the causes of action alleging defective design of a hot water heater and failure to warn insofar as asserted against them, relying upon the affidavit of a new expert.

The Supreme Court denied the motion and the cross motion on the ground, inter alia, that there was no reasonable justification for failing to present the issues raised and the evidence submitted in connection with the original motion of Rheem and AF for summary judgment (*see* CPLR 2221 [e] [3]). Rheem and AF took no appeal from the denial of their motion. The plaintiff appeals from the denial of her cross motion.

The Supreme Court providently exercised its discretion in refusing to consider the affidavit of the plaintiff's expert submitted in support of the cross motion (*see* CPLR 3101 [d] [1] [i]; *Soldano v Bayport-Blue Point Union Free School Dist.,* 29 AD3d 891 [2006]; *Safrin v DST Russian & Turkish Bath, Inc.,* 16 AD3d 656, 657 [2005]). In any event, the affidavit of the expert was insufficient to raise a triable issue of fact with respect to a design defect, since the expert presented no evidence of a regulation or industry-wide standard in support of the plaintiff's claim of a design defect (*see Martinez v Roberts Consol. Indus.,* 299 AD2d 399 [2002]).

However, the plaintiff properly relied upon the newly alleged facts submitted by Rheem and AF that there was a danger presented by allowing sediment to accumulate in the tank. Rheem's own *Use & Care Manual* dismissed the accumulation of sediment as creating no danger or problem other than the nuisance of an "annoying" noise.

This new information raised a triable issue of fact as to

whether a proximate cause of the accident was Rheem and AF''s failure to warn of the danger. In support of their prior motion for summary judgment, Rheem and AF did not disclose this information in a clear and comprehensible fashion. Therefore, the plaintiff had a reasonable justification for failing to present that information in opposition to their motion for summary judgment (see CPLR 2221 [e] [3]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to renew her opposition to that branch of the motion of Rheem and AF which was for summary judgment dismissing the cause of action alleging failure to warn insofar as asserted against them, and, upon renewal, should have vacated its original determination and denied that branch of the motion of Rheem and A.F. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.