■ GERALD BRUNO, Appellant, v THERMO KING CORPORATION et al., Respondents, et al., Defendants. [888 NYS2d 523]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered February 4, 2008, as granted the separate motions of the defendants Thermo King Corporation and Novabus, also known as Prevost Car, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, an experienced bus mechanic employed by the defendant New York City Transit Authority, allegedly was injured while working on an air conditioning system in a bus. The plaintiff attempted to check for a loose or broken wire by using his hand to "wiggle" the clutch wire while the engine was turned on, and his fingers became caught in a moving belt. The plaintiff commenced this action to recover damages for personal injuries against, among others, Thermo King Corporation (hereinafter Thermo King), the manufacturer of the air conditioning system, and Novabus, also known as Prevost Car, Inc. (hereinafter Novabus), the manufacturer of the bus in which the air conditioning system was installed.

Thermo King and Novabus separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them, asserting, inter alia, that the plaintiff knew that it was dangerous to place his hand near the belt while it was moving, and that he disregarded a warning label cautioning against such conduct. Novabus also argued that summary judgment was warranted because the plaintiff, in the course of discovery, failed to identify any expert whose testimony would show that it was feasible to design the air conditioning system in a safer manner and that, if the plaintiff were to offer an expert affidavit in opposition to the summary judgment motions, the court should decline to consider it, based on the plaintiff's failure to provide expert disclosure pursuant to CPLR 3101 (d) (1) (i). In opposition to the motions for summary judgment, the plaintiff submitted, among other things, an affidavit from his expert. The Supreme Court declined to consider the affidavit of the plaintiff's expert and, thus, determined that the

plaintiff could not establish that it was feasible to design the subject air conditioning system in a safer manner. Accordingly, the Supreme Court awarded summary judgment to Thermo King and Novabus, finding, inter alia, that the evidence they submitted established as a matter of law that the sole proximate cause of the plaintiff's injuries was his own negligence in disregarding an obvious risk, and that the plaintiff failed to raise a triable issue of fact as to whether the design or manufacture of the bus or engine, or a failure to warn of known dangers, were also proximate causes of the accident.

On appeal, the plaintiff contends that the Supreme Court erred in declining to consider his expert affidavit and that, if it had, it would have been constrained to deny the motions for summary judgment. However, whether or not the Supreme Court improvidently exercised its discretion in declining to consider the expert affidavit, the plaintiff's submissions were nonetheless insufficient to raise a triable issue of fact (*see Vereczkey v Sheik,* 57 AD3d 527, 528 [2008]) in opposition to the prima facie showing of Thermo King and Novabus that the sole proximate cause of the plaintiff's injuries was his own negligence in placing his hand near the belt while the engine was turned on (*see Donuk v Sears, Roebuck & Co.,* 52 AD3d 456 [2008]; *Banks v Makita, U.S.A.,* 226 AD2d 659 [1996]). Accordingly, the Supreme Court properly awarded summary judgment to Thermo King and Novabus dismissing the amended complaint insofar as asserted against each of them. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur. [*See* 2008 NY Slip Op 30320(U).]