■ DEAN ROBINSON, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Formerly Known as the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [941 NYS2d 123]—

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 8, 2010, which, after a jury trial, awarded plaintiff a total of $1,003,649, including $268,000 for past pain

and suffering and $600,000 for future pain and suffering for 40 years, unanimously modified, on the facts, to vacate the awards for past and future pain and suffering and order a new trial solely as to those damages, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to accept reduced awards for past and future pain and suffering of $125,000 and $175,000, respectively, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

Plaintiff seeks recovery for injuries sustained while playing basketball in a school gymnasium while participating in an after-school program. After "clapping" the basketball backboard with his right hand, plaintiff, who was 14 years old at the time, caught his middle finger on a V-shaped pinch point, in a metal cage, located about one foot away from the backboard.

Plaintiff's sports and recreational safety expert, whose testimony was uncontroverted, testified that the installation of the metal cage, which protected an emergency light fixture located below, and centered on, the basketball backboard, deviated from industry standards which required a minimum of three feet of unencumbered space from the end line or the out-of-bounds line to the next area and thus, posed a danger to players. Under these circumstances, the risks posed by the metal cage were not commonly appreciated ones inherent in, and flowing from, participation in the game of basketball (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]).

While plaintiff had been aware of the metal cage's existence and the fact that objects had gotten caught in it, he was unaware of anyone being injured by the metal cage. Thus, the V-shaped pinch point, which was not visible on a frontal view of the cage, rendered the conditions not as safe as they appeared to be (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]) and created an "unassumed, concealed or unreasonably increased risk[ ]" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]). Accordingly, defendant failed to establish entitlement to dismissal based upon the doctrine of the assumption of risk, and the jury's finding that plaintiff was not contributorily negligent was not against the weight of the evidence.

The trial court's refusal to charge the jury to consider the possible negligence of the nonparty operator of the after-school program, pursuant to CPLR 1601 (1), was proper, as the evidence at trial failed to suggest that the nonparty was negligent and that such negligence proximately caused and/or contributed to the accident (*cf. Sargeant v New York Infirmary Beekman Downtown Hosp.*, 222 AD2d 228 [1995], *lv dismissed* 88 NY2d

962 [1996]). Defendant's remaining objections to the jury instructions are unpreserved (see CPLR 4017, 4110-b), and we decline to review them.

Plaintiff lost the tip of the middle finger on his dominant hand, resulting in sensitivity and a 25% disability of the hand. While plaintiff had undergone two surgeries, was cautious about using his hand and hid it from view, he had resumed most of his pre-accident activities and his prosthetic expert testified that a prosthesis would protect the injured finger and increase function and appearance. Hence, we find that, based on a review of cases involving similar injuries, the awards for past and future pain and suffering deviated materially from what would be reasonable compensation, and we reduce them accordingly (compare Shi Pei Fang v Heng Sang Realty Corp., 38 AD3d 520 [2007]; Brown v City of New York, 309 AD2d 778 [2003]; Bradshaw v 845 U.N. Ltd. Partnership, 2 AD3d 191 [2003]; Allende v New York City Health & Hosps. Corp., 228 AD2d 229 [1996], revd on other grounds 90 NY2d 333 [1997]; Fields v City Univ. of N.Y., 216 AD2d 87 [1995]). Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.