ZALAYA TART, an Infant, by Her Mother and Natural Guardian, KIA BYNOE, et al., Respondents, v NEW YORK BRONX PEDIATRIC MEDICINE, P.C., et al., Appellants, et al., Defendants.
[984 NYS2d 19]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered August 30, 2012, against defendants New York Bronx Pediatric Medicine, P.C. and St. Barnabas Hospital, after a jury trial, awarding plaintiffs the principal sums of $300,000 for past pain and suffering and $4,200,000 for future pain and suffering, unanimously modified, on the law, to vacate the damages awards, and the matter remanded for a new trial on the issue of damages, unless plaintiffs, within 30 days after service of a copy of this order with notice of entry, stipulate to reduce the awards for past and future pain and suffering to $200,000 and $1 million, respectively, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 17, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The jury's finding that nonparty Dr. Chowdhury deviated from the accepted standard of care in treating the infant plaintiff was supported by sufficient evidence and was not against the weight of the evidence (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). The trial evidence included expert testimony that Dr. Chowdhury should have removed the arterial line placed in the infant's right wrist immediately upon being informed that cyanosis had been observed on the tips of the fingernails on the middle fingers of her right hand, and that the failure to do so proximately caused the infant to lose the top portions of four fingers on that hand. Contrary to defendants' contention, plaintiffs' expert did not engage in "inappropriate retrospective analysis"; he explained that cyanosis indicated that the blood supply to those fingers was compromised and could not be reestablished without removal of the catheter. Although defendant Dr. Ronald Arevalo agreed that the placement of the catheter contributed to the decreased blood flow, and testified that the infant's condition warranted close monitoring,

the neonatal intensive care unit (NICU) records contain no contemporaneous entries concerning the nature of this monitoring until hours later, after the infant's condition had progressed to necrosis (cell death) of the fingers.

It is clear that the jury credited plaintiffs' expert's testimony over that of the defense experts, and its verdict is not one that "could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]).

The trial court correctly determined as a matter of law that New York Bronx Pediatric Medicine (Pediatric) and St. Barnabas Hospital were vicariously liable for the acts of Dr. Chowdhury. The evidence established that Pediatric had been contracted to operate the hospital's NICU and had assigned Dr. Chowdhury to the relevant shift. Plaintiff mother, who had been receiving pre-natal care at another facility, was delivered to the hospital by ambulance and entered through the emergency room, seeking care from the hospital, rather than from an individual physician. Moreover, she was admitted to the NICU, where, rather than receiving treatment from a doctor assigned to her, she was treated by the doctor (Dr. Chowdhury) assigned to the NICU by Pediatric for that particular shift. This evidence establishes vicarious liability, regardless of Dr. Chowdhury's employment status (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 80-81 [1986]; *compare Shafran v St. Vincent's Hosp. & Med. Ctr.*, 264 AD2d 553, 558 [1st Dept 1999] [finding issue of fact whether plaintiff, who walked into hospital on her own and was admitted under care of particular doctor, could properly assume doctor was acting on behalf of hospital]).

In a medical malpractice case a general verdict is usually inappropriate, but defendants here did not object, and we see no prejudice in this case. The court properly compelled a juror who had reported feeling pressured by the other jurors to return to deliberations, after questioning each of the other jurors individually as to the nature of the complaints, satisfying itself that the juror was not being coerced, ensuring that the other jurors were prepared to continue deliberations, and posting a court officer in front of the deliberation room. In any event, the juror subsequently informed the court that upon her return to deliberations there had been "a big change among us and we were able to work it out." Defendants failed to establish that comments made by the court to counsel for Pediatric during the trial were prejudicial.

Plaintiff suffered a serious injury to her right hand, resulting in the loss of the top portion of four fingers, which rendered her

unable to perform certain activities with that hand and caused her to be the subject of ridicule by other children. However, based upon a review of cases involving similar injuries, we find the damages award excessive to the extent indicated (*see* CPLR 5501 [c]; *compare Robinson v New York City Dept. of Educ.*, 94 AD3d 428 [1st Dept 2012]; *Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520 [2d Dept 2007]; *Brown v City of New York*, 309 AD2d 778 [2d Dept 2003]; *McKeon v Sears, Roebuck & Co.*, 262 AD2d 7 [1st Dept 1999], *lv denied* 93 NY2d 818 [1999]; *Allende v New York City Health & Hosps. Corp.*, 228 AD2d 229 [1st Dept 1996], *revd on other grounds* 90 NY2d 333 [1997]).

We have considered and rejected appellants' remaining arguments. Concur—Friedman, J.P., Moskowitz, Freedman, Gische and Clark, JJ.