Ronald Michel, Appellant, v Long Island Jewish Medical Center et al., Respondents. [5 NYS3d 162]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 22, 2013, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was afflicted with metastatic rectal carcinoma which had spread to various areas of her body, including her right elbow. On March 26, 2008, surgery was performed on that elbow at the defendant Long Island Jewish Medical Center (hereinafter the Medical Center). During the surgery, a large mass was discovered which had replaced the entire lateral condyle of the humerus. The tumor was dissected and the entire lateral half of the condyle was removed. A plate and screws were placed to fixate the distal humerus. Once the wound was closed, an immobilization splint was placed over the decedent's arm.

After surgery, the decedent's pain was managed with pain medication and her arm remained in a cast and a sling. On March 30, 2008, at approximately 10:00 p.m., while the decedent was still a patient at the Medical Center, she suffered renewed pain in her right arm after she had been cleaned by the Medical Center's nursing staff. Her condition was diagnosed as a dislocated elbow, and she was treated with pain medication and was fitted for an elbow brace. On May 5, 2008, the decedent was discharged to a rehabilitation facility. On November 27, 2008, the decedent died. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, and the plaintiff appeals. We affirm.

A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries. In opposition, the plaintiff must demonstrate the existence of a triable issue of

fact as to the elements with respect to which the defendant has met its initial burden (see *DeLaurentis v Orange Regional Med. Ctr.-Horton Campus*, 117 AD3d 774, 775 [2014]; *Rivers v Birnbaum*, 102 AD3d 26, 43 [2012]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that they did not depart from the applicable standard of care, and that any alleged departure was not a proximate cause of the decedent's alleged injury. In support of their motion, the defendants submitted, inter alia, the affirmation of a board-certified orthopedic surgeon, who opined, with "a reasonable degree of medical certainty," that "the dislocation of the decedent's elbow was not caused by any act of negligence or malpractice on the part of the hospital staff." He further stated that the elbow was unstable after surgery, owing to bone destruction caused by cancer. Therefore, the expert opined, "dislocation of the elbow was essentially unavoidable" and "not unexpected," and could have been caused by the decedent's own movements.

In opposition, the plaintiff submitted, inter alia, the affirmation of a physician board-certified in physical medicine and rehabilitation. The plaintiff's expert acknowledged that "the surgery performed . . . was clearly indicated for palliative purposes and was performed within the standard of care." However, the expert stated, the defendants' departures occurred in the decedent's post-operative care. The plaintiff's expert claimed that the defendants deviated from the standard of care by failing to provide written notice in the decedent's chart that the decedent's right elbow could suffer injury if she were not bathed in a careful manner, and by failing to provide instructions to avoid applying pressure to the right arm. The expert also stated that since the decedent's "arm was immobilized by a bandage and a sling post operatively," a "conclusion that the dislocation would have happened through the patient's own movements is speculative."

The plaintiff's expert affidavit was insufficient to raise a triable issue of fact, as the expert did not rebut the defendants' prima facie showing with respect to the elements of departure and proximate cause. Rather, the plaintiff's expert impermissibly attempted to assert a new theory of liability, based on the defendants' alleged failure to provide written notice of the condition of the decedent's elbow in her chart, which was not alleged in the complaint or bill of particulars (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 327 [1986]; *Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]). In any event, the alleged

failure to provide written notice of the nature of the decedent's condition in her chart did not raise a triable issue of fact as to the defendants' alleged negligence, since the nature of the condition of the decedent's elbow was apparent from the fact that her arm was bandaged and in a sling (*see Vereczkey v Sheik*, 57 AD3d 523, 526 [2008]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.