Goffredo v St. Luke's Cornwall Hosp. (2021 NY Slip Op 02788)





Goffredo v St. Luke's Cornwall Hosp.


2021 NY Slip Op 02788


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-14800
 (Index No. 5534/14)

[*1]Rosemarie Goffredo, etc., appellant, 
v
St. Luke's Cornwall Hospital, et al., respondents, et al., defendants.


Shafran & Rock, PLLC (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant. 
Rende, Ryan & Downes, LLP, White Plains, NY (Alissa A. Mendys of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, lack of informed consent, and wrongful death, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 30, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, for summary judgment determining that the defendant St. Luke's Cornwall Hospital is vicariously liable for the acts and omissions of the defendant Paul Reichman.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was, in effect, for summary judgment determining that the defendant St. Luke's Cornwall Hospital is vicariously liable for the acts and omissions of the defendant Paul Reichman is granted.
The plaintiff's husband, Michael A. Goffredo (hereinafter the decedent), arrived by ambulance at the emergency room of the defendant St. Luke's Cornwall Hospital (hereinafter the Hospital) complaining of severe abdominal pain with nausea and vomiting. He was admitted to the Hospital under the care of the defendant Aravinda L. Bommareddy, a physician and employee of the Hospital. The defendant Paul Reichman, who was the Hospital's on-call surgeon, was contacted for a surgical consultation. Reichman performed emergency surgery on the decedent shortly after the decedent's admission. The following day, the decedent passed away.
The plaintiff commenced this action, asserting causes of action sounding in medical malpractice, lack of informed consent, and wrongful death. The Hospital and Reichman separately joined issue. After the completion of discovery, the plaintiff moved, inter alia, in effect, for summary judgment determining that the Hospital is vicariously liable for the acts and omissions of Reichman. By order dated October 30, 2018, the Supreme Court, among other things, denied that branch of the plaintiff's motion, and the plaintiff appeals from that portion of the order.
In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of [*2]employment, but not for the negligence or malpractice of an independent physician, as when the physician is retained by the patient himself or herself (see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Fuessel v Chin, 179 AD3d 899, 901). However, as an exception to this rule, a hospital may be held vicariously liable for the acts of independent physicians if the patient enters the hospital through the emergency room and seeks treatment from the hospital, not from a particular physician (see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1092; Fuessel v Chin, 179 AD3d at 901; Tart v New York Bronx Pediatric Medicine, P.C., 116 AD3d 515, 516; Felter v Mercy Community Hosp. of Port Jervis, 244 AD2d 385; Ryan v New York City Health & Hosps. Corp., 220 AD2d 734, 736; Mduba v Benedictine Hosp., 52 AD2d 450).
Here, the plaintiff satisfied her prima facie burden of demonstrating that the emergency room exception applies by producing evidence that the decedent was brought to the Hospital's emergency room by ambulance, did not request treatment by a particular physician, and was assigned to Reichman's care by the Hospital (see Tart v New York Bronx Pediatric Medicine, P.C., 116 AD3d at 516; Salvatore v Winthrop Univ. Med. Ctr., 36 AD3d 887, 888-889; Johnson v Jamaica Hosp. Med. Ctr., 21 AD3d 881, 883). In opposition, the Hospital and Bommareddy failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, for summary judgment determining that the Hospital is vicariously liable for the acts and omissions of Reichman.
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court