Vichlenski v Schwartz (2022 NY Slip Op 00214)





Vichlenski v Schwartz


2022 NY Slip Op 00214


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-09437
 (Index No. 63022/14)

[*1]Maryann Vichlenski, et al., respondents,
v
Adam Schwartz, etc., et al., defendants, Sanford Glantz, etc., et al., appellants.


Law Office of Connick, Myers, McNamee & Fitzgerald, PLLC, Mineola, NY (Glenn P. McNamee of counsel), for appellant Sanford Glantz.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for appellant Good Samaritan Hospital Center.
Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Pamela M. Gleit of counsel), for appellants Garri Pasklinsky and Great South Bay Surgical Associates and Vascular Lab, LLP.
Queller, Fisher, Washor, Fuchs & Kool, LLP, New York, NY (Ephrem J. Wertenteil of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendant Sanford Glantz, the defendant Good Samaritan Hospital Medical Center, and the defendants Garri Pasklinsky and Great South Bay Surgical Associates and Vascular Lab, LLP, separately appeal from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated July 3, 2018. The order, insofar as appealed from, denied those branches of the separate motions of the defendant Sanford Glantz, the defendant Good Samaritan Hospital Medical Center, and the defendants Garri Pasklinsky and Great South Bay Surgical Associates and Vascular Lab, LLP, which were for summary judgment dismissing the first and third causes of action insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs.
In May 2012, the plaintiff Maryann Vichlenski (hereinafter the injured plaintiff) presented to the emergency department of the defendant Good Samaritan Hospital Medical Center (hereinafter the hospital) complaining of pain and numbness in her left foot. The injured plaintiff was seen by the defendant Adam Schwartz, a resident, and then by the defendant Sanford Glantz, an emergency medicine doctor employed by the hospital. Since no pulses could be detected in the plaintiff's left foot, she was prescribed medication, and a CT angiogram and a consultation with a vascular surgeon were ordered. Although the injured plaintiff was seen in the emergency department by a vascular surgeon—the defendant Garri Pasklinsky—the CT angiogram was canceled, allegedly by Glantz.
Pasklinsky, upon examining the injured plaintiff, found no evidence of acute limb-threatening ischemia or other acute vascular surgical issues. He cleared the injured plaintiff to be discharged, and directed her to follow up with him the next day. However, when the injured plaintiff's husband called Pasklinsky's office the following day to schedule an appointment, the injured plaintiff allegedly was refused an appointment because she did not have health insurance. The injured plaintiff was later seen by a different vascular surgeon, who found no pulses in her left foot, and diagnosed her with gangrene. In August 2012, after unsuccessful treatment and therapy, the injured plaintiff's left leg was amputated below the knee.
The injured plaintiff, and her husband suing derivatively, commenced this action, among other things, to recover damages for medical malpractice, against, among others, Glantz, the hospital, and Pasklinsky and his employer, Great South Bay Surgical Associates and Vascular Lab, LLP (hereinafter together the Pasklinsky defendants). Glantz, the hospital, and the Pasklinsky defendants separately moved, inter alia, for summary judgment dismissing the first and third causes of action, alleging, respectively, medical malpractice and a derivative claim, insofar as asserted against each of them. By order dated July 3, 2018, the Supreme Court, among other things, denied those branches of the separate motions. Glantz, the hospital, and the Pasklinsky defendants separately appeal.
A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries (see Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945). In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden (see id.; Rivers v Birnbaum, 102 AD3d 26, 43). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519).
Here, in opposition to the prima facie showing by Glantz, the plaintiffs raised triable issues of fact on their first and third causes of action. In particular, in response to the conclusion of Glantz's expert that it was appropriate to cancel the CT angiogram, as the pulses had returned to the injured plaintiff's left foot, the plaintiffs' expert opined that the CT angiogram should not have been canceled because the return of pulses did not rule out the possibility of ischemic limb loss. The plaintiff's expert explained that a condition known as vasospasm can cause the symptoms of arterial occlusion to wax and wane. Contrary to Glantz's contention, the plaintiffs' expert, who practiced in the areas of general surgery and vascular surgery, was qualified to refute the opinion of Glantz's expert that a CT angiogram became unnecessary after the return of pulses to the injured plaintiff's left foot. As this opinion of Glantz's expert concerned an issue of vascular medicine, the plaintiffs' expert was "'possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable'" (Schmitt v Medford Kidney Ctr., 121 AD3d 1088, 1089, quoting Matott v Ward, 48 NY2d 455, 459; see Grasso v Nassau County, 180 AD3d 1008, 1012; Ocasio-Gary v Lawrence Hosp., 69 AD3d 403, 405).
The plaintiffs also raised triable issues of fact in opposition to the prima facie showing of the Pasklinsky defendants. Specifically, the plaintiffs' expert opined in nonconclusory fashion that Pasklinsky departed from the standard of care by discharging the plaintiff before determining the cause of the circulation problems in the plaintiff's left foot, and by failing to see the plaintiff for a follow-up exam. The expert also offered a nonconclusory opinion that Pasklinsky's failure to further investigate the condition of the injured plaintiff's left foot and to follow-up with her diminished her chances of avoiding amputation by causing a delay in her diagnosis and treatment during which time her left foot was not receiving adequate oxygenation.
Further, by establishing the existence of triable issues of fact regarding the liability of Glantz and Pasklinsky, the plaintiffs also raised triable issues of fact regarding the vicarious liability of the hospital (see Goffredo v St. Luke's Cornwall Hosp., 194 AD3d 699, 700).
The hospital's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the separate motions of Glantz, the hospital, and the Pasklinsky defendants which were for summary judgment dismissing the first and third causes of action insofar as asserted against each of them.
IANNACCI, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court