| **Amabile v Honikman** |
|---|
| 2024 NY Slip Op 33097(U) |
| September 4, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509939/2019 |
| Judge: Consuelo Mallafre Melendez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 15 of the Supreme Court of
the State of NY, held in and for the County of
Kings, at the Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 4th day of September
2024.

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS

-------------------------------------------------------------------------X

ROBERT AMABILE, as EXECUTRIX OF THE ESTATE OF CARMINE AMABILE, DECEASED and GIACAMINA AMABILE,

       Plaintiffs,

  -against-

LESLIE HONIKMAN, M.D., LESLIE HONIKMAN, M.D., P.C., NEW YORK COMMUNITY HOSPITAL AND THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC.,

       Defendants.

-------------------------------------------------------------------------X

**DECISION & ORDER**

Index No. 509939/2019
Mo. Seq. 8 & 9

**HON. CONSUELO MALLAFRE MELENDEZ, J.S.C**.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:

NYSCEF #s: <u>Seq. 8:</u> 222 – 225, 226 – 237, 261 – 262, 263 – 264, 272, 273 – 274
           <u>Seq. 9:</u> 239 – 241, 243, 244 – 256, 265 – 266, 267 – 268, 269 – 270, 271

Defendants, THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC. s/h/a NEW YORK COMMUNITY HOSPITAL AND THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC., move (Seq. 8) this Court for an order pursuant to CPLR § 3212 granting summary judgment in their favor, dismissing Plaintiff's complaint against them in its entirety with prejudice, and dismissing the lack of informed consent cause of action with prejudice; and move this Court for an order pursuant to CPLR § 3211(a)(7) dismissing Plaintiffs' fourth and fifth causes of action sounding in negligently credentialing, hiring and supervision for failure to state a cause of action, and amending the caption to remove Defendants.

Defendants, LESLIE HONIKMAN, M.D., and LESLIE HONIKMAN, M.D., P.C., move (Seq. 9) this Court for an order pursuant to CPLR §3212 granting summary judgment in their favor, dismissing Plaintiff's complaint against them in its entirety, and amending the caption to remove Defendants.

Plaintiff submitted opposition to both motions.

1

Plaintiff commenced this action on May 3, 2019, by the filing of a Summons and Verified Complaint alleging medical malpractice for treatment rendered by defendants at THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC. between April 25, 2017 and May 17, 2017.

The 88-year-old decedent first presented and was admitted to New York Community Hospital of Brooklyn on April 25, 2017, as arranged by Dr. Nozad who was Mr. Amabile's primary care physician according to the testimony of the decedent's son. The decedent's son further testified that his father was also seeing Dr. Honikman for gastrointestinal issues for 15 years. Mr. Amabile presented with dehydration, anorexia, syncope, and dizziness and with complaints of a poor appetite for one week. On April 28, 2017, Dr. Honikman performed a colonoscopy, but a complete colonoscopy could not be performed because Dr. Honikman could not pass the sigmoid colon due to a stricture. Thus, the examination was limited to the sigmoid colon. On April 29, 2017, a CT scan of the abdomen and pelvis was performed and interpreted by non-party radiologist, Dr. Rosenthal. On May 3, 2017, surgeon Dr. Flumes performed an exploratory laparotomy. At that time of the surgery, perforations of the right colon and cecum were found. The patient remained in the ICU until he passed away on May 17, 2017.

Defendant NYCH first seeks to establish that they are not vicariously liable for the physicians who treated the patient at the hospital claiming that these individuals were not employees but rather, private attendings. In support of their position, NYCH submits the affidavit of Donna J. Fitzmartin, the Senior Vice President and Chief Operating Officer & Administrator Director for Respiratory Therapy & Pulmonary Division of New York Community Hospital/Maimonides Midwood Community Hospital. Ms. Fitzmartin attests that certain physicians named in Plaintiff's supplemental bill of particulars were not employees of NYCH. In a supplemental affidavit, the director attests that Dr. Rosenthal was not employed by NYCH, was a private attending, and received no compensation from NYCH.

Regarding NYCH's vicarious liability for non-party radiologist Dr. Rosenthal, Plaintiff claims in their opposing papers that the radiologist misread or misinterpreted the CT performed on April 29, 2017. They argue that the original affidavit of Donna J. Fitzmartin submitted in support of NYCH's motion does not address Dr. Rosenthal's employment status. In response, NYCH submitted a supplemental affidavit of Ms. Fitzmartin to clarify the employment status of Dr. Rosenthal. In reference to the filing of the supplemental affidavit, NYCH argues that the affidavit of Director Fitzmartin was annexed in NYCH's reply because claims attendant to Dr. Rosenthal's

2

interpretation of the CT scan were first made in the instant motion and were not included in the bills of particulars filed in this case.

A review of the pleadings, bill of particulars and supplemental bill of particulars reveals that claims against Dr. Rosenthal were not previously made and that NYCH correctly states that the claims for any acts of Dr. Rosenthal appear for the first time in opposition to this motion.

Adding new claims at this time, including allegations that Dr. Rosenthal's failed to properly interpret the CT scan, substantially changes the nature of the litigation, is improper and will not be permitted. *Winters v. St. Vincent's Med. Cnt. of Richmond, H.B.B.A. Inc.*, 273 AD2d 465 [2nd Dept 2000]. Further, as NYCH had no notice of these claims at the time this motion was filed, the court accepts the supplemental affidavit filed with the Reply. The affidavit indicates that this physician was not employed by the hospital; and there is no evidence to counter NYCH's showing that they are not vicariously liable for Dr. Rosenthal. It is well settled that a hospital may not be liable for the acts of an independent attending it does not employ as it is well settled that a hospital cannot be held vicariously liable for the acts of a non-employed private attending physician with privileges at said hospital. *Hill v. St. Claire's Hosp.*, 67 N.Y.2d 72 [1986]. Thus, the motion of NYCH is granted with reference to vicarious liability arising from Dr. Rosenthal's reading/interpretation of the CT scan taken on April 29, 2017.

As to vicarious liability claims against NYCH for the acts of Dr. Honikman, it has been established that he was a private attending and also not an employee. Additionally, the evidence is clear that decedent was not admitted through the emergency room; rather the patient was admitted into the service of Dr. Nozad, the decedent's private physician. Thus, the Mduba exception does not apply and NYCH cannot be held liable for the acts of private attendings. *See Mduba v. Benedictine Hosp.*, 52 A.D.2d 450 [3d Dept. 1976]; *Goffredo v St. Luke's Cornwall Hosp.*, 194 AD3d 699 [2d Dept 2021]. As NYCH makes a prima facie showing for summary judgment proffering evidence that the decedent was the private patient of Dr. Honikman and Dr. Nozad and there is no credible evidence to the contrary, all claims for vicarious liability of Dr. Honikman based on Mduba are also dismissed.

NYCH also established that they are not vicariously liable for the other physicians named in the bills of particulars as they too were not employed by the hospital.

Additionally, there is no showing that the staff of NYCH departed from the standard of care. NYCH and its staff are protected from tort liability if its staff follows the orders of a private

3

physician. *See Toth v. Community Hosp. at Glen Cove*, 22 N.Y.2d 255 [1968]. On this issue, there is no evidence that the staff failed to follow orders of the patient's private physicians. On this basis as well, the motion of NYCH must be granted in relation to the treatment and care rendered by NYCH's staff.

Plaintiff does not submit opposition to NYCH's motion to dismiss claims for lack of informed consent, negligent hiring and credentialing (Fourth and Fifth Causes of Action). These claims are also dismissed.

In sum, in accordance with the above, the motion of NYCH is granted in its entirety.

The claims against defendant Dr. Honikman include failing to obtain a complete and accurate history of Mr. Amabile's signs, symptoms and complaints; failing to first order and perform a CT scan of the abdomen and pelvis prior to performing a colonoscopy; performing a colonoscopy in the presence of active diverticulitis; in performing a colonoscopy "upon a frail 88-year-old man where there was no emergent reason to do so;" failing to perform an endoscopy to rule out anemia in this patient; causing a perforation of Mr. Amabile's colon during the performance on April 28, 2017; and causing a perforation by air insufflation during the procedure with a distal fixed stricture in Mr. Amabile's sigmoid colon, preventing air from escaping.

"A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries" (*Michel v. Long Is. Jewish Med. Ctr.*, 125 A.D.3d 945, 945 [2d Dept 2015].; see *Barrocales v. New York Methodist Hosp.*, 122 A.D.3d 648, 649 [2d Dept 2014]; *Trauring v. Gendal*, 121 A.D.3d 1097, 1097 [2d Dept 2014]; *Berthen v. Bania*, 121 A.D.3d 732, 732, [2d Dept 2014]. Where a defendant makes a prima facie showing on a motion for summary judgment, "the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (*Spilbor v. Styles*, 191 A.D.3d 722, 723 [2d Dept 2021] [internal quotation marks omitted]; see *Stukas v. Streiter*, 83 A.D.3d 18, 30, [2d Dept 2011]. "General and conclusory allegations of medical malpractice, ... unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (*Myers v. Ferrara*, 56 A.D.3d 78, 84 [2d Dept 2008]; see *J.P. v. Patel*, 195 A.D.3d 852, 854 [2d Dept 2021]. "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts,

4

[* 4]

setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (*Tsitrin v. New York Community Hosp.*, 154 A.D.3d 994, 996 [2d Dept 2017] [internal quotation marks omitted]; see *Valentine v. Weber*, 203 A.D.3d 992, 993 [2d Dept 2022])." *Wijesinghe v Buena Vida Corp.,* 210 AD3d 824, 826 [2d Dept 2022].

A review of the expert affirmations on behalf of Dr. Honikman precludes summary judgment in his favor. The affirmation of Dr. Mair the expert radiologist submitted in support of Dr. Honikman's motion, states that "(a)lthough I do agree with Dr. Rosenthal's interpretation that there was not a perforation at that point, it is my interpretation of this CT scan, with a reasonable degree of medical certainty *that it does reveal multiple findings consistent with an impending colonic perforation…*" Dr. Mair explains in detail how his interpretation of the CT scan is "consistent with the fact that the decedent's bowel was being stretched beyond normal limits and was likely to perforate." He states that "(i)t is my impression that although the bowel had yet to perforate it was on the verge of perforation and was under severe intraluminal pressure. This was an emergent situation due to the potential for perforation." He further opines that both the small bowel, large bowel loops and cecum were dilated. Additionally, he found diverticulosis of the colon and notes that the proximal sigmoid was markedly distended. He concludes that these findings are consistent with the fact that the decedent's bowel was being stretched beyond normal limits and was likely to perforate and was an emergent situation due to the potential for perforation. It is noted that Dr. Mair is quite critical of non-party radiologist Dr. Rosenthal's reading of the CT scan and doesn't agree with much of it.

Notwithstanding, Dr. Mair also opines that "(a)s there are no perforations seen on the April 29, 2017 CT scan of the abdomen and pelvis it is my opinion with a reasonable degree of medical certainty that the procedure performed by Dr. Honikman on April 28, 2017, did not perforate the colon."

Of particular significance to this motion are Dr. Mair's opinions that the decedent's colon was under pressure, that the decedent's bowel was being stretched beyond normal limits, was likely to perforate, and was an emergent situation due to the potential for perforation. The CT scan, performed after the colonoscopy was attempted, revealed areas of tension in the patient's colon. These observations are relevant as to the question of whether the colonoscopy caused the perforation. The movant's radiology expert opinions are also relevant as to claims that the colonoscopy was contraindicated, that a CT scan should have been performed before the colonoscopy and that a proper work up was not undertaken. Consequently, Dr. Mair's opinions

5

[* 5]

alone do not establish entitlement to summary judgment but rather actually raise issues of fact in reference to whether Dr. Honikman acted within the standard of care.

Defendant Dr. Honikman additionally submits the affirmation of gastroenterologist Michael S. Frank, M.D. Dr. Frank states that "(t)he interpretation of this CT scan by the radiologist affiliated with New York Community Hospital of Brooklyn found no findings of a colon or cecal perforation. Additionally, *it is my understanding that this CT scan was reviewed by an expert on behalf of Dr. Leslie Honikman who agreed that a colon perforation was not present on the CT scan of April 29, 2017*" (emphasis added). Dr. Frank also opines that "*(b)ased upon the findings of this CT scan* along with the subsequent clinical findings it is my opinion with a reasonable degree of medical certainty that the colonoscopy procedure performed by Dr. Honikman on April 28, 2017, did not cause the perforations that were ultimately found."

However, Dr. Frank does not comment on the "impending perforation" that Dr. Mair discussed. Additionally, Dr. Frank also states that "(i)t is my opinion with a reasonable degree of medical certainty that *there is no way to accurately determine when or how the ultimate perforation occurred*." (Emphasis added). Dr. Frank further opines that "it is impossible to determine exactly when this perforation occurred. Therefore, *it is impossible to determine whether there was a delay in the diagnosis of this perforation*." (Emphasis added).

The Court finds that Dr. Frank does not establish a prima facie entitlement to summary judgment. The gastroenterology expert ignores and does not consider the entirety of Dr. Mair's opinions, including that the CT scan reveals that the patient's colon was under pressure and that there was an impending perforation. Additionally, Dr. Frank's opinion that Dr. Honikman did not depart from the standard of care is based largely upon only that portion of Dr. Mair's affirmation indicating that a perforation was not seen on the CT scan. However, he did not consider or comment upon Dr. Mair's impressions regarding the condition of the patient's colon or the risk of perforation in reference to the actions undertaken by Dr. Honikman and the decision to perform a colonoscopy on this patient. Additionally, although Dr. Frank states that the perforation did not occur during the colonoscopy procedure, he also contradicts himself stating that there is no way to tell when the perforation happened. Further, despite opining that the perforation was promptly diagnosed, he opines that it is "impossible to determine whether there was a delay in diagnosis of this perforation."

6

The Court finds that the opinions of Dr. Frank are contradictory, speculative, and conclusory and not based on the evidence. Thus, do not establish a prima facie case for summary judgment in reference to Dr. Honikman.

Further, even had Dr. Honikman established entitlement to summary judgment, plaintiff raised issues of fact precluding it. Among others, Plaintiff's expert gastroenterologist raised issues of fact as to whether the procedure was contraindicated, whether the procedure caused the perforation, whether a proper workup was performed, whether a CT scan should have been performed before the colonoscopy.

Accordingly, it is hereby:

**ORDERED** that NYCH motion (Sequence 8) for an order pursuant to CPLR § 3212 granting summary judgment in their favor and dismissing Plaintiff's complaint against them, and for an order pursuant to CPLR § 3211(a)(7) dismissing Plaintiff's claims for lack of informed consent and negligent hiring and credentialing, and amending the caption to remove Defendants is **GRANTED** in its entirety; and it is further

**ORDERED** that Dr. Honikman's motion (Sequence 9) for an order pursuant to CPLR § 3212 granting summary judgment in their favor, dismissing Plaintiff's complaint against them in its entirety, and amending the caption to remove Defendants is **DENIED**; and it is further

**ORDERED** that the caption is amended as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------------------------------X
ROBERT AMABILE, as EXECUTRIX OF THE ESTATE OF CARMINE AMABILE, DECEASED and GIACAMINA AMABILE,

      Plaintiffs,

   -against-

LESLIE HONIKMAN, M.D., LESLIE HONIKMAN, M.D., P.C.,

      Defendants.
--------------------------------------------------------------------------X

7

The Clerk is directed to enter judgment in favor of THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC. s/h/a NEW YORK COMMUNITY HOSPITAL AND THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC.

This constitutes the decision and order of this Court.

**ENTER.**

**Hon. Consuelo Mallafre Melendez**

**J.S.C.**

8

[* 8]